﻿Citation Nr: AXXXXXXXX
Decision Date: 06/30/20 Archive Date: 06/30/20

DOCKET NO. 190530-9526
DATE: June 30, 2020

ORDER

Entitlement to an initial rating in excess of 30 percent for ovarian cyst and chronic pelvic pain syndrome (CPPS) is denied.

Entitlement to special monthly compensation (SMC) based on loss of use of creative organ is denied.

FINDINGS OF FACT

1. The ovarian cyst and CPPS is assigned the maximum rating available. 

2. The ovarian cyst and CPPS have not resulted in the loss of use of a creative organ. 

CONCLUSIONS OF LAW

1. The criteria for an initial rating in excess of 30 percent for ovarian cyst and CPPS have not been met. 38 U.S.C. § 1155;38 C.F.R. § 4.116, Diagnostic Code 7614.

2. The criteria for a SMC based on loss of use of a creative organ have not been met. 38 U.S.C. §§ 1114(k); 38 C.F.R. § 3.350.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from March 1989 to May 1991.

The Veteran initially appealed an April 2012 rating decision that granted service connection and assigned a 30 percent rating for ovarian cyst and CPPS. In a February 2013 rating decision, the RO denied entitlement to SMC based on loss of use of a creative organ. The Veteran withdrew her request for a hearing before the Board in February 2016. In April 2018, the Board remanded the issues of increased rating for ovarian cyst and CPPS and entitlement to SMC; the Board found the issue of entitlement to an SMC was an inferred claim attached to the increased rating claim. 

In June 2018, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). In October 2018, the Veteran specified that she desired the supplemental claim lane. In January 2019, the RO issued an Appeals Modernization Act (AMA) rating decision on the issues. The Veteran timely appealed the RAMP rating decision to the Board and requested the “direct review” lane in May 2019.

Evidence was added to the claims file during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 20.300). The Veteran may file a Supplemental Claim and submit or identify this evidence. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501). If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

1. Entitlement to a higher rating for ovarian cyst and CPPS

The service-connected disorder is rated under Diagnostic Code 7614 for disease, injury, or adhesions of the fallopian tube (including pelvic inflammatory disease), which is rated pursuant to the General Rating Formula for Female Reproductive Organs (General Rating Formula). Under these criteria, a 30 percent rating is assigned for symptoms not controlled by continuous treatment. 38 C.F.R. § 4.116, Diagnostic Code 7614. 

The record includes VA and private treatment records and VA examinations dated in April 2011 and January and September 2019. Records were requested from the Social Security Administration (SSA) on multiple occasions, but no medical or relevant lay records have been associated with the record; the Veteran has reported that she did not undergo a gynecological examination in conjunction with her application for SSA benefits, and she previously reported that she did not have any additional medical records to associate with the record. The Board finds the record includes all available relevant records. 

The 30 percent rating currently assigned is the maximum rating available, and the Veteran has not alleged the existence of any symptoms not contemplated by the current rating. The record does not suggest the application of any alternate diagnostic codes under which the Veteran’s ovarian cyst and CPPS could be rated. Notably, the record indicates that service connection is already in effect for a psychiatric disability, the Veteran has been granted a total disability rating based on individual unemployability (TDIU), and the Veteran has not alleged unemployability due solely to the ovarian cyst and CPPS. Thus, the claim for an initial rating in excess of 30 percent is denied. 

2. Entitlement to SMC 

VA provides SMC if a veteran, as a result of service-connected disability, has suffered the anatomical loss or loss of use of one or more creative organs. 38 U.S.C. § 1114(k). The regulations explicitly provide that loss of use of a creative organ will be shown by acquired absence of ovaries or another creative organ. 38 C.F.R. § 3.350 (a)(1)(i). The record is absent any medical findings indicating that the ovarian cyst and CPPS have resulted in infertility or otherwise resulted in the approximation of loss of use of a creative organ, and the December 2018 VA examiner determined that the record did not support the finding that service or the service-connected disorder resulted in infertility. The examiner explained that although the Veteran had a history of pelvic inflammatory disease which can cause scar tissue to block the fallopian tubes and cause infertility, a 2010 hysterosalpingogram was unremarkable for abnormality and there was no indication that there was scar tissue blocking the fallopian tubes. Thus, the Board finds a SMC based on loss of use of a creative organ is not warranted. 

 

 

T. REYNOLDS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board N. Snyder, counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.